UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **09-CV-60616-Dimitrouleas-Snow**

COLLEEN M. GEORGE, individually,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,
a foreign limited liability company,
ROBERT J. OROVITZ, P.A., a Florida Corporation
(doing business as "HAYT, HAYT & LANDAU"), and
ROBERT J. OROVITZ, individually,

    Defendants.
_____/

FILED by VT D.C.
ELECTRONIC

April 27, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff was sued here and Defendants do business in this District.

## PARTIES

3.    Plaintiff, COLLEN M. GEORGE, is a natural person, and citizen of the State of Florida, and the subject of lawsuit filed in Broward County, Florida.

4.    Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, ("PORTFOLIO") is believed to be a foreign limited liability company with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

5.    Defendant, ROBERT J. OROVITZ, P.A. ("LAW OFFICE") is a Florida Corporation doing business as "HAYT, HAYT & LANDAU", engaged in the practice of law, and citizen of the State of Florida, with its principal place of business at 7765 S.W. 87th Avenue, Suite 101, Miami, Florida 33173.

6.    Defendant, ROBERT J. OROVITZ, ("OROVITZ") is a natural person and member of The Florida Bar presently practicing law from offices located at 7765 S.W. 87th Avenue, Suite 101, Miami, Florida 33173.

7.    PORTFOLIO is liable for the actions of LAW OFFICE and OROVITZ. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

8.    All Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

9.    All Defendants regularly collect or attempt to collect debts for other parties. They are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

10. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

11. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

12. Defendants sought to collect an alleged debt from Plaintiff arising from a credit card used by Plaintiff primarily for personal, family or household purposes.

13. The alleged debt was reduced to a Default Final Judgment in the State of Florida on or about November 3, 2008.

14. A true and correct copy of the judgment is attached hereto as Exhibit "A".

15. In the course of obtaining said judgment, Defendant represented to the Court that it was entitled to an attorney's fee award of $450.00 dollars.

16. Attorney's fees are unliquidated damages entitling the defaulting party to an evidentiary hearing. *Roggeman v. Boston Safe Deposit and Trust Co.*, 670 So.2d 1073 (Fla. 4th DCA 1996).

17. Defendants refused to give notice of an evidentiary hearing regarding their claim for attorney's fees; the award of attorney's fees was incorporated into the judgment.

18. Plaintiff maintains that the judgment obtained by Defendants was done so without due process and in violation of Plaintiff's constitutional rights. *Foster v. D.B.S. Collection Agency*, Not Reported in F.Supp.2d, 2002 WL 32993859 (S.D. Ohio 2002).

19. On March 5, 2009, Defendants sent Plaintiff a written request for payment of the alleged debt.

20. The aforementioned letter was signed by ROBERT J. OROVITZ.

21. A true and correct copy of the written request is attached hereto Exhibit "B".

22. The written request suggests that that the alleged judgment will negatively impact Plaintiff's ability to buy or sell a home.

4

23. In the State of Florida, a judgment cannot become a lien upon real property until a certified copy of said judgment is recorded in the county where the judgment debtor's real property is located. *Tomalo v. Kingsley Displays, Inc.*, 862 So.2d 899 (Fla. 2d DCA 2003).

24. The judgment at issue, although recorded, was never certified and thus cannot legally impact Plaintiff's ability to buy or sell a home.

25. The March 5, 2009 correspondence also states that "[t]his [attachment upon your personal property] may be subject to a $1,000.00 personal property exemption."

26. In the State of Florida, one can claim $4,000.00 dollars or more per person in personal property exemption so long as one does not make a homestead claim. Furthermore, unless a judgment creditor has a lien or security interest in the personal property at issue, the Florida constitutional exemption of $1,000.00 dollars and the Florida statutory exemption of $4,000.00 dollars allow one to protect up to a total of $5,000.00 dollars per person worth of personal property from execution or attachment. *Osborne v. Smith*, 398 B.R. 355 (S.D. Fla. December 5, 2008); Fla. Const., Art. 10, § 4; and Fla. Stat. § 222.25(4).

27. Plaintiff has not filed a claim of homestead in the State of Florida and maintains that she would be subject to the $5,000.00 dollars personal property exemption instead of the $1,000.00 dollars exemption recited by Defendants.

## COUNT I
## FALSE REPRESENTATION OF THE CHARACTER, AMOUNT OR LEGAL STATUS OF THE ALLEGED DEBT

28.     Plaintiff incorporates Paragraphs 1 through 27.

29.     By suggesting that the alleged judgment may prevent Plaintiff from buying or selling her real property, Defendant falsely represented the character, amount or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of the instant suit; and

    c.   Such other or further relief as the Court deems proper.

## COUNT II
## DECEPTIVE OR MISLEADING NOTICE

30.     Plaintiff incorporates Paragraphs 1 through 27.

31.     By containing confusing and/or contradictory language in its March 5th correspondence, Defendants violated 15 U.S.C. §1692e(10) as the statements contained in said demand letter would be deceptive or misleading to the least

sophisticated consumer with respect to her legal rights and exemptions under Florida law.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## FAILING TO GIVE NOTICE OF EVIDENTIARY HEARING IN VIOLATION OF STATE LAW

32.    Plaintiff incorporates Paragraphs 1 through 27.

33.    Defendants violated the Fair Debt Collection Practices Act by using a deceptive means in violation of 15 U.S.C §1692e, by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C §1692d, and by engaging in an unfair and deceptive practice in violation of 15 U.S.C §1692f by failing to give notice of an evidentiary hearing on unliquidated damages (i.e. attorney's fees) in State Court as mandated by Florida law.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

  a. Damages,

  b. Attorney's fees, litigation expenses and costs of the instant suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT IV
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

34. Plaintiff incorporates Paragraphs 1 through 27.

35. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants practices are in violation of the FDCPA and FCCPA.

36. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

37. Plaintiff seeks both injunctive relief and equitable relief in accordance with her rights under both state and federal law.

WHEREFORE, PLAINTIFF requests that the Court enter judgment:

  a. Declaring that Defendants have violated both the FDCPA and FCCPA.

b.  Permanently enjoining Defendants from misrepresenting Florida law;

c.  Attorney's fees, litigation expenses and costs of suit; and

d.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 24TH day of April, 2009.

SCOTT D. OWENS, ESQ.
Attorney for Plaintiff
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, FL 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com

By: _____
Scott D. Owens, Esq.
Florida Bar No. 0597651

9

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA
CASE NO: 08-14803-COWE82

PORTFOLIO RECOVERY
ASSOCIATES, LLC

            Plaintiff                        DEFAULT FINAL JUDGMENT

vs.

COLLEEN GEORGE

            Defendant(s)
_____/

      THIS CAUSE having come to be heard before this Honorable Court for a Pre-Trial Conference on September 23, 2008, and the Court finding that a Default was entered, and being otherwise fully advised in the premises, it is:

      ORDERED AND ADJUDGED THAT:

      Plaintiff whose address is 140 Corporate Blvd Suite 100 Norfolk, VA 23502 shall recover from Defendant(s) COLLEEN GEORGE the principal sum of $4,755.28, court costs in the amount of $279.00, interest in the amount of $2,089.23, and attorneys' fees in the amount of $450 —_____, that shall bear interest at the rate of 11% per annum, for all of which let execution issue.

      IT IS FURTHER ORDERED AND ADJUDGED THAT:

      The Defendant(s) shall complete the Florida Small Claims Rules Form 7.343 (Fact Information Sheet) and return it to the Plaintiff's attorney, within 45 days from the date of this Final Judgment, unless the Final Judgment is satisfied or a motion for new trial or notice of appeal is filed.

      Jurisdiction of this case is retained to enter further orders that are proper to compel the Defendant(s) to complete form 7.343 and return it to the Plaintiff's attorney. The Fact Information Sheet need not be recorded in the Public Records.

      DONE AND ORDERED at Plantation, Broward County, Florida on this the 3 day of NOV, 2008.

                                                                  COUNTY COURT JUDGE

Copies furnished to:
HAYT, HAYT & LANDAU
7765 SW 87 Ave, Suite 101
Miami, Fl 33173

COLLEEN GEORGE
5112 Nw 27Th Street
Margate Florida 33063
08-00821-0   5542850301082519

**EXHIBIT A**



10: AM THURS

LAW OFFICES OF

# HAYT, HAYT & LANDAU, P.L.

GALLOWAY PROFESSIONAL PARK
7765 S.W. 87TH AVENUE
SUITE 101
MIAMI, FLORIDA 33173
TELEPHONE (305) 403-3789
FACSIMILE (305) 403-3799

EMANUEL HAYT (1929- 1983)
LILLIAN R. HAYT (1928- 1963)
BERNARD D. LANDAU (1930- 2005)

March 5, 2009

COLLEEN GEORGE
5112 NW 27TH STREET
MARGATE, FL 33063

RE: Client: PORTFOLIO RECOVERY ASSOCIATES, LLC
Debtor(s): COLLEEN GEORGE
File Number: 70391
Total Amount Due: $7,298.35

Dear Colleen George :

Please be advised that our office has a judgment against you in the court where you live. You are now a judgment debtor. As such, you may have problems buying and selling a home. Under Florida law, our client can execute upon a judgment as follows:

A. Garnish your wages - which means taking part of your salary (unless you are head of family). This is subject to Federal wage guidelines.

B. Foreclose your real estate - which means having the sheriff sell your property (including, in some cases, your property, to pay off the judgment unless said property is homestead or joint tenancy).

C. Attach your personal property - which means having the sheriff sell your personal belongings (including, in some cases, your car, furniture, clothing and jewelry) to pay off the judgment. This may be subject to a $1,000.00 personal property exemption.

D. Take your deposition in aid of execution - which means having you appear before a court reporter to tell us about your personal finances. This may become public record. If you fail to appear, you may be held in contempt of court, taken by the Sheriff and brought before the court.

You may avoid the above by immediately forwarding your payment to this office & please make your check or money order payable to our client, PORTFOLIO RECOVERY ASSOCIATES, LLC.

Please understand that this is an attempt to collect a debt and any information we obtain will be used for that purpose.

Very truly yours,
HAYT, HAYT & LANDAU, P.L.

By: _____
Robert J. Orovitz

Please call our office at 305-403-3789 ext. #252 and ask for your Account Representative.

TOTAL P.02

# EXHIBIT B

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
COLLEEN M. GEORGE, individually

(b) County of Residence of First Listed Plaintiff   Broward County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Scott D. Owens, Esq./COHEN & OWENS, P.A.
3801 Hollywood Boulevard, Suite 200, Hollywood, FL 33021
Phone: 954-923-3801

### DEFENDANTS
PORTFOLIO RECOVERY ASSOCIATES, LLC, ROBERT J. OROVITZ, P.A., and ROBERT J. OROVITZ

County of Residence of First Listed Defendant   Norfolk County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:09CV 60616-WPD-Snow

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☑ NO

JUDGE                                            DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**
FDCPA Violation

LENGTH OF TRIAL via  1  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  4/24/09

FOR OFFICE USE ONLY
AMOUNT  350⁰⁰   RECEIPT #  546126   IFP